# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BASIL BANNISTER, II,** | : | **Civ. No. 3:25-CV-1159** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **E\*TRADE FINANCIAL HOLDINGS LLC, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION AND ORDER

## I.    Statement of Facts and of the Case

The Federal Arbitration Act provides for the enforcement of arbitration clauses in contracts and states that: "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . , shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2. However, arbitration rights are a function of the contractual arrangement between the parties. Therefore, the ability to compel arbitration in federal court often turns on the language used in the contract, and the parties' reasonable understanding of that language. Such questions may be clear from the pleadings, or may require factual development. Thus, depending upon

the clarity of the agreement, and the factual context of the case, the ability to enforce an arbitration clause in a contract may be decided as a matter of law on the pleadings; as a matter of law based upon the undisputed material facts; or as a matter of fact following an evidentiary proceeding.

This case, which comes before us for consideration of a motion to compel arbitration, (Doc. 14), provides an illustrative example of how the procedural posture of a case may affect our ability to compel arbitration. This case is a *pro se* lawsuit brought by Basil Bannister, against E*Trade Financial Holdings, Morgan Stanley, and one of its employees. (Doc. 1). In his complaint, the plaintiff alleges that the defendants violated federal banking laws by unreasonably refusing to release funds that he invested with them based upon their alleged inability to verify his identity. (Id.)

Bannister's complaint did not attach the E*Trade online trading account agreement between the parties, but Bannister made the following statements in his complaint relating to that agreement, apparently in anticipation of a defense motion to compel arbitration:

> 4. Plaintiff was not aware of any binding arbitration agreements at the time of opening an online Etrade account on or about 12-17-2024.

> 5. Plaintiff has not agreed to any arbitration clauses or arbitration agreements. Further, Plaintiff had explicitly informed Etrade via email, within 30 days of account opening, that Plaintiff intended to seek legal relief and refuses any and all arbitration agreements, implied or otherwise.

2

(Id. ¶¶ 4-5).

The defendants have, in fact, filed a motion to compel arbitration and brief. (Docs. 14. 15). This motion argues that, based solely upon the pleadings, it is undisputed that there is a binding arbitration agreement in this case and asks us to refer the case for arbitration pursuant to that agreement. Attached as an exhibit to the brief filed in support of this motion to compel arbitration E*Trade has submitted what purports to be the online trading agreement executed by Bannister. (Doc. 15-1). That agreement contains an arbitration provision. (Id. Section 12).

Bannister opposes this motion to compel arbitration. (Docs. 16, 19). Liberally construing Bannister's *pro se* pleadings, it appears that Bannister questions the authenticity of the purported online trading agreement,  asserting that "Plaintiff has herewith attached several exhibits with this motion showing that the alleged arbitration agreement (Doc. 15-1, Exhibit A) is not a true and correct representation of what was displayed on Plaintiff's screen at the time Plaintiff opened his online Etrade account." (Doc. 16 ¶ 3). Bannister also insists that he never signed any arbitration agreement, alleging that: "Plaintiff, . . . , clearly states that he did not sign an arbitration agreement with Etrade and was unaware of any arbitration agreements when he opened his account." (Id.)  Thus, despite E*Trade's insistence that it is entitled to an order compelling arbitration based solely upon the pleadings and the undisputed facts, Bannister's response identifies some factual disputes which call

upon us to foray beyond the pleadings, determine the authenticity of the proffered arbitration agreement, and construe that document.

Given this factual dispute, and mindful of our obligation to liberally construe *pro se* pleadings, we do not find that this motion to compel arbitration can be granted at this time since there is an unresolved factual dispute regarding the authenticity of arbitration provision of this contract. We will therefore deny this motion without prejudice to renewal on a more fulsome factual record after limited and narrowly tailored discovery on this motion has been undertaken.

## II.    Discussion

### A.    The Federal Arbitration Act—Standard of Review

The Federal Arbitration Act provides, in part, as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The Act "creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes." Century Indem. Co., v. Certain Underwriters at Lloyd's London, 584 F.3d 513, 522 (3d Cir. 2009). Congress enacted the Federal Arbitration Act in order "to overrule the judiciary's longstanding reluctance to enforce agreements to arbitrate and its refusal to put such

agreements on the same footing as other contracts, and in the FAA expressed a strong federal policy in favor of resolving disputes through arbitration." Id. (citations omitted).

> The right to arbitration, however, is entirely a creature of contract.
>
> Because "[a]rbitration is a matter of contract between the parties," a judicial mandate to arbitrate must be predicated upon the parties' consent. Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980). The Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.*, enables the enforcement of a contract to arbitrate, but requires that a court shall be "satisfied that the making of the agreement for arbitration . . . is not in issue" before it orders arbitration. Id. § 4.

Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771 (3d Cir. 2013). Given that arbitration is a contractual matter, prior to compelling arbitration pursuant to the FAA, a court must first determine that (1) an enforceable agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement. Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) (citation omitted). In ruling upon motions to compel arbitration, we are cautioned that: "Doubts should be resolved in favor of coverage." First Liberty Inv. Grp. v. Nicholsberg, 145 F.3d 647, 653 (3d Cir. 1998) (internal quotation marks omitted).

Yet, when addressing a motion to compel arbitration, we must also be mindful of the procedural posture of the case, since that procedural posture defines the scope of our review. See Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771-76 (3d Cir. 2013). In this regard, the Third Circuit has provided some guidance

as to which standards may be appropriate under the given circumstances in a particular case. According to the Court:

> [W]hen it is apparent, based on the face of the complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question.

Id. at 776 (citation omitted) (internal quotation marks omitted). Any time a court finds that it must make findings in order to determine arbitrability, pre-arbitration discovery may be warranted. Id. at 775 n.5. If a court elects to deny a motion to compel arbitration under Rule 12(b)(6) in order allow discovery on the question of arbitrability, "[a]fter limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." Id. at 776. Finally,

> [i]n the event that summary judgment is not warranted because "the party opposing arbitration can demonstrate, by means of citations to the record," that there is "a genuine dispute as to the enforceability of the arbitration clause," the "court may then proceed summarily to a trial regarding 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same,' as Section 4 of the FAA envisions."

Id. at 776 (citation omitted).

6

**B.**   **A Determination in Favor of Compelling Arbitration Cannot Be Made in This Case at This Time.**

Here, we are presented with a motion to compel arbitration made at the pleadings stage of this litigation, prior to discovery on this question. Therefore, we must determine whether: "it is apparent, based on the face of the complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013). Pursuant to the FAA, which also guides the alleged arbitration contract between these parties, we must also be "'satisfied that the making of the agreement for arbitration . . . is not in issue' before we may order arbitration." Id., 771 (quoting 9 U.S.C. § 4).

This we cannot do.

We note that the plaintiff's complaint expressly denies that Bannister entered into any arbitration agreement. Instead, the arbitration agreement first appears as an exhibit to the defendants' motion to compel arbitration and Bannister explicitly questions the authenticity of that document. Thus, it is not apparent, based on the face of the complaint, that the plaintiff's claims are subject to an enforceable arbitration clause. In addition, we cannot conclude that the making of this agreement is not in issue in this case. Quite the contrary, Bannister's *pro se* pleadings, liberally construed, specifically dispute these factual issues.

It is against this disputed backdrop surrounding the formation of this alleged agreement to arbitrate that the defendants request that we compel the parties to arbitrate. Recognizing that a motion to compel arbitration based solely upon the pleadings is "inappropriate when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate, Somerset, 832 F. Supp. 2d at 482, or the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did," Guidotti, 716 F.3d at 774, in this case we find that the dispute of material fact over whether a valid agreement to arbitrate was reached prevents us from compelling arbitration at this time. Thus, we will deny the defendants' motion to compel arbitration without prejudice to the renewal of the motion upon a more fulsome record after the parties have conducted limited discovery on the issue of whether a valid agreement to arbitrate was ever created.

## III.  **Conclusion**

Accordingly, for the foregoing reasons, the defendants' motion to compel arbitration, (Doc. 14), is DENIED. This denial is without prejudice to renewal upon a more fulsome record after the parties have engaged in limited discovery on the issue of whether a valid agreement to arbitrate was ever formed.

An appropriate order follows.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED:     July 21, 2026

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BASIL BANNISTER, II,** | : | **Civ. No. 3:25-CV-1159** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **E\*TRADE FINANCIAL HOLDINGS LLC, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## **ORDER**

In accordance with the accompanying Memorandum Opinion, the defendants' motion to compel arbitration, (Doc. 14), is DENIED without prejudice to renewal after the parties conduct discrete, focused discovery on this issue. The parties shall consult, confer, and provide the Court with a joint proposal and timetable for the completion of discovery related solely to the issue of whether the parties entered into an agreement to arbitrate on or before **August 7, 2026.** If the parties agree that further discovery is not necessary to address this issue, the defendants may renew their motion to compel under the applicable Rule 56 standard on or before **August 21, 2026.**

10

So ordered this 21st day of July 2026.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

11